UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

POSEIDON OIL PIPELINE COMPANY, L.L.C.          CIVIL ACTION

VERSUS                                         NO. 06-5753

NOBLE DRILLING (U.S.) INC., ET AL.             SEC. B(4)

ORDER AND REASONS

Before the Court is Defendants Noble Drilling (U.S.) Inc. and Noble Drilling Services, Inc.'s (collectively "Noble") Motion To Re-Urge Motion To Transfer Venue Under 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of Texas, Houston. (Rec. Doc. No. 34).

**IT IS ORDERED** that the Motion To Re-Urge Motion To Transfer Venue to the United States District Court for the Southern District of Texas, Houston is **GRANTED**.

*BACKGROUND*

In September of 2005, during Hurricane Rita, the MODU NOBLE THERALD MARTIN ("THERALD MARTIN"), a drilling unit owned and operated by Defendant Noble Drilling (U.S.) Inc. ("Noble"), broke free from its mooring and drifted across the Gulf of Mexico. THERALD MARTIN allided with several structures including a crude oil pipeline owned and operated by Plaintiff Poseidon Oil Pipeline Company ("Poseidon").

Several related actions arose out of said occurrence.  The

1

initial action, *Tarpon Offshore, L.P. v. Noble Drilling (U.S.) Inc.*, Civ. Action No. 06-2573 was filed on July 13, 2006 in the United States District Court for the Southern District of Texas, Houston. Poseidon filed the instant action on September 7, 2006 in the Eastern District of Louisiana. Motions to transfer venue were filed in the Southern District of Texas and the Eastern District of Louisiana.

On March 29, 2007, this Court stayed the captioned matter and dismissed Defendant's Motion to Transfer Venue without prejudice to re-urge pending the decision to be rendered by the United States District Court for the Southern District of Texas, Houston on Plaintiff's motion to transfer venue to the Eastern District. (Rec. Doc. No. 30). On March 30, 2007, the United States District Court for the Southern District of Texas, Houston denied Plaintiff's motion to transfer to the Eastern District. (Rec. Doc. No. 34, Exhibit A).

Defendants re-urge the motion to transfer venue to the United States District Court for the Southern District of Texas, Houston. Defendants contend this lawsuit should be transferred to the Southern District of Texas under the "first-to-file" rule. Defendants further contend public and private interest factors weigh heavily in favor of transferring this lawsuit to the Southern District of Texas. Therefore, Defendants urge the Court to

2

transfer this action pursuant to 28 U.S.C. § 1404(a).

Plaintiff contends Plaintiff's choice of forum merits significant weight. Plaintiff further contends public and private interest factors do not weigh in favor of transfer. Therefore, Plaintiff moves the Court to deny Defendants' motion to transfer venue.

### DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

> The federal courts long have recognized that the principle of comity requires federal district courts-courts of coordinate jurisdiction and equal rank-to exercise care to avoid interference with each other's affairs. . . . The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.

*West Gulf Maritime Assoc. v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985)(citations omitted). The Fifth Circuit applied these comity principles underlying the first-filed rule and held "that the court 'with prior jurisdiction over the common subject matter' should resolve all issues presented in related actions." *Id.* at 730 (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)). The Fifth Circuit further stated

3

that "[a] stay may be appropriate to permit the court of first filing to rule on a motion to transfer.  If that court transfers the first-filed action, the stay could be lifted and the actions consolidated." *West Gulf Maritime Assoc.,* 751 F.2d at 729 n.1. Whereas, "[i]f the transfer is denied . . . the stay could be lifted and the second-filed action . . . transferred." *Id*.

*Tarpon Offshore, L.P. v. Noble Drilling (U.S.) Inc.*, Civ. Action No. 06-2573 was the first action filed on July 13, 2006 in the United States District Court for the Southern District of Texas, Houston.  The United States District Court for the Southern District of Texas, Houston denied Plaintiff's motion to transfer venue to the Eastern district.  Therefore, the Court applies the comity principles recognized and applied by the Fifth Circuit. Accordingly,

**IT IS ORDERED** that Defendants' Motion To Re-Urge Motion To Transfer Venue to the United States District Court for the Southern District of Texas, Houston is **GRANTED**.

New Orleans, Louisiana this 25th day of April, 2007.

_____

UNITED STATES DISTRICT JUDGE